IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **R.J.O.**, | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:21-cv-289 (MTT) |
| | ) |
| | ) |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### ORDER

United States Magistrate Judge Charles H. Weigle recommends that the Commissioner's denial of Plaintiff R.J.O.'s application for benefits be affirmed. Doc. 16. R.J.O. has objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo the portions of the Recommendation to which R.J.O. objects. Doc. 17. The Commissioner has not objected or responded to the objection. After review, the Recommendation (Doc. 16) is **ADOPTED** and made the order of the Court. Accordingly, the Commissioner's decision in the plaintiff's case is **AFFIRMED**.

Judicial review of a decision of the Commissioner of Social Security is limited to two determinations: (1) whether the decision is supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Reviewing courts may not "decide the facts anew, reweigh evidence, or substitute their judgment for that of the [Commissioner]." *Id*. (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th

Cir.2004)) (alteration in original).  The Commissioner's decision must stand if it is supported by substantial evidence, even if that decision is against the preponderance of the evidence.  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004).  As stated in the Recommendation, "[n]either party has suggested that the ALJ applied incorrect legal standards or … failed to articulate the reasons for his decision with particularity as required."  Doc. 16 at 11.

However, under sentence six of 42 U.S.C. § 405(g), the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g).  It is appropriate to remand a case under 42 U.S.C. § 405(g) when there is new, noncumulative evidence that is material and there is good cause for failure to submit the evidence at the administrative level.  *Milano v. Bowen,* 809 F.2d 763, 766 (11th Cir.1987).  New evidence must relate to the time period on or before the date of the ALJ's decision.  20 C.F.R. § 404.970(a)(5).  And evidence is material if there is a "reasonable probability" that it would change the administrative result.[1]  *Id*.

R.J.O. raises two arguments in his objections: (1) the Administrative Law Judge ("ALJ") improperly relied upon R.J.O.'s daily activities in concluding that R.J.O. was capable of sustained work, and (2) R.J.O. has presented new and material evidence that warrants a remand of R.J.O.'s claim.  Doc. 17 at 2, 4.  R.J.O.'s first argument fails because the ALJ did not improperly consider R.J.O.'s daily activities in his review of the

---

[1] Prior to the 2017 amendments to the Social Security regulations, the standard for materiality was "reasonable possibility." *See Pupo v. Comm'r, Soc. Sec. Admin*., 17 F.4th 1054, 1063 n.3 (11th Cir. 2021) (discussing transition from the reasonable "possibility" to reasonable "probability" standard).

entire record.  And R.J.O.'s second argument fails because the new evidence is not chronologically relevant or material.

First, R.J.O. argues that the ALJ improperly relied on R.J.O.'s testimony during his hearing that he was able to participate in occasional activities such as "shopping … folding clothes, driving, managing his finances, socializing, attending church, playing video games, using the internet, watching TV, reading, and tending to personal care." Doc. 17 at 2.  R.J.O. contends that these activities "do not indicate an ability to perform full time work of any type due to the frequent need to rest or nap." *Id.* at 3.  R.J.O. bases this argument on his interpretation of *Lewis v. Callahan*.  125 F.3d. 1436, 1441 (11th Cir. 1997).  R.J.O. argues that the Magistrate Judge failed to note that *Lewis* concluded "we do not believe that participation in every[day] activities of short duration disqualifies a claimant from disability *or* is inconsistent with limitations recommended by Lewis' treating physicians."  Doc. 17 at 3 (quoting *Lewis*, 125 F.3d at 1441) (emphasis added).  R.J.O. argues that this is an either/or proposition, and that under this principle, R.J.O.'s ability to participate in everyday activities should not disqualify him from receiving disability, as it is the ability to be gainfully employed that is "important" for this determination.  Doc. 17 at 3.  All this may be true, but the ALJ's decision was supported by substantial evidence beyond R.J.O.'s daily activities.

Although it would be improper to base a determination exclusively on R.J.O.'s participation in everyday activities, daily activities can be considered alongside the rest of the record.  *See* 20 C.F.R. §§ 404.1512(a); 404.1529(c); 404.1545(a)(3).  And as explained in the Recommendation, the ALJ did consider the entire record in determining that R.J.O. is capable of "sedentary, simple work."  Doc. 16 at 12.  The ALJ "thoroughly

discussed the administrative and treatment record," and "it is evident that the ALJ did not rely solely on [R.J.O.'s] daily activities in his decision, but instead compared Plaintiff's testimony, the function reports, agency summaries, and the medical record" to reach his conclusion.  *Id*. at 12-13; *see also* Doc. 6-3 at 24-30 (ALJ's detailed discussion of the determination).  Accordingly, the ALJ did not improperly rely on R.J.O.'s daily activities in reaching his determination that R.J.O. is capable of certain kinds of work.

Second, R.J.O. argues that two letters from his treating physician, Dr. Byron Williams, present new and material evidence that warrants a remand for consideration.  Doc. 17 at 4.  The Recommendation found that the evidence was new and that R.J.O. had good cause for the failure to submit the evidence at the administrative level, but also found that the evidence was not chronologically relevant or material to the ALJ's decision.[2]  Doc. 16 at 14-17.

R.J.O. contends that the letters are "clearly" chronologically relevant, as the letters address "ongoing symptoms <u>after</u> his surgery in June of 2020" as well as symptoms prior to the surgery.  Doc. 17 at 5 (emphasis in original).  These letters are dated July 15, 2021, and November 17, 2021, and each refers to R.J.O.'s "ongoing" symptoms and medical issues through the dates of the letters in addition to his medical conditions and treatment prior to the ALJ's decision.  Docs. 9-2; 9-3.  The letters are the opinions of Dr. Williams, a physician who has been providing R.J.O. treatment since February 2020.  Although the letters refer to medical events prior to the ALJ's

---

[2] The Commissioner does not object to the findings that the letters are new evidence and that the R.J.O. had good cause for not submitting the letters at the administrative hearing.

-4-

determination, the letters do not clearly indicate that Dr. William's opinion is based upon an evaluation of R.J.O.'s condition during the relevant time period.

In certain cases, medical opinions that do not explicitly state that the opinion relates to the relevant time period are still chronologically relevant. *See Washington v. Soc. Sec. Admin., Comm'r.*, 806 F.3d 1317, 1322 (11th Cir. 2015). In *Washington*, evidence from a new psychologist who examined the claimant after the ALJ decision was found to be chronologically relevant. *Id*. The court concluded the evidence was chronologically relevant because the psychologist reviewed the claimant's symptoms and treatment records occurring before the ALJ's decision and because there was no assertion or evidence that the claimant's condition had declined since the ALJ decision. *Id*. However, the Eleventh Circuit clarified that *Washington* was decided on the "specific circumstances" of that case. *Id.* at 1323; *see also Hunter v. Soc. Sec. Admin., Comm'r*, 705 F. App'x 936, 941 (11th Cir. 2017). Therefore, when a doctor fails to specify that the opinion is based on an evaluation of the claimant's condition as it existed during the relevant time period, as was the case in *Washington*, the court has held that the evidence is not chronologically relevant. *E.g.*, *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309-10 (11th Cir. 2018); *Banks for Hunter v. Comm'r, Soc. Sec. Admin.*, 686 F. App'x 706, 708 (11th Cir. 2017); *Green v. Soc. Sec. Admin., Comm'r*, 695 F. App'x 516, 520 (11th Cir. 2017). For example, in *Hargress*, the court held that new evidence from a doctor who evaluated the claimant after the ALJ decision was not chronologically relevant. 883 F.3d at 1309-10. Although the doctor indicated that the claimant's medical limitations existed prior to the ALJ's decision, the new evidence did not clarify that the doctor's opinion was based on an evaluation of the claimant's past

medical records. *Id*. Similarly, in *Green* the claimant submitted new evidence of treatment notes dated after the ALJ's decision. 695 F. App'x at 519-20.[3] While the treatment notes mentioned that the claimant's symptoms were present before the ALJ's decision, the evidence did not specify that the opinion was based on a review of the claimant's symptoms and records from before the ALJ's decision. *Id*. Thus, the treatment notes were not chronologically relevant. *Id*.

As the Recommendation outlines, Dr. William's letters are not specific about the time period on which the opinion is based. Doc. 16 at 16. While explicit reference to the relevant time period is not necessary, the evidence must indicate that the doctor's opinion applied to the time period before the ALJ's decision. *Green*, 695 F. App'x at 519-20 (discussing *Washington*, 806 F.3d at 1322). Here, Dr. William's letters reference medical events and symptoms occurring before the ALJ decision. Docs. 9-3; 9-2. Nevertheless, the letters do not specify that his opinion relates to the period at issue. *Id*. As a result, it is not clear from the face of the letter that Dr. William's opinion is based only on R.J.O.'s condition as it existed before the ALJ's decision. Thus, the letters are analogous to the evidence evaluated in *Hargress* and *Green* where the new evidence referenced events preceding the ALJ's decision but did not clarify that the opinion was formed after evaluating the claimant's condition during the relevant time period. *Hargress*, 883 F.3d at 1309-10; *Green*, 695 F. App'x at 519-20. Accordingly, Dr. William's letters are not chronologically relevant.

---

[3] Although *Green* is an unpublished decision and thus non-binding, its facts are very similar to those before the Court and its reasoning is persuasive.

Even if the letters were chronologically relevant, they are not material because they are unlikely to change the administrative result. New evidence is material when "there is a <u>reasonable probability</u> that the additional evidence would change the outcome of the decision." *Sanders v. Soc. Sec. Admin., Comm'r*, 854 F. App'x 311, 315 (11th Cir. 2021) (citing 20 C.F.R. § 404.970(a)(5)) (emphasis in original). The July 2021 letter summarizes R.J.O.'s symptoms and essentially restates what was already contained in the medical record. Docs. 9-2; 6-3 at 26-28. As a result, the information contained in the July 2021 letter is duplicative of what was already before the ALJ and is unlikely to change the administrative result. *Milano*, 809 F.2d at 766 (stating that new evidence must be "noncumulative" to warrant a remand); *see also Sanders*, 854 F. App'x at 315 (holding that records which "contained the same clinical findings [as] evidence in records already submitted to the ALJ" were not material). The November 2021 letter, by contrast, differs significantly from the treatment notes and medical records evaluated by the ALJ. Docs. 6-8 at 394; 6-9 at 21. The letter states that R.J.O.'s symptoms were not improving and would "cause him to be unavailable to do any activity for large portions of the day due to the need to rest." Doc. 9-3. This conclusory assertion supports R.J.O.'s hearing testimony, which the ALJ discredited as "contrary to treatment notes" and unsupported by the medical record. Doc. 6-3 at 28-29. Because the ALJ found the treatment notes and medical records to be highly persuasive, there is little indication that the letters—which contradict that evidence without explanation—would have a reasonable *probability* of changing the outcome of the decision. *Hargress*, 883 F.3d at 1310 (holding that new evidence was not material

when it conflicted with medical records available to the ALJ); *see also Raices v. Comm'r of Soc. Sec.*, 805 F. App'x 836, 837 (11th Cir. 2020).

For the reasons addressed above, the Recommendation (Doc. 16) is **ADOPTED** and made the order of the Court.  Accordingly, the plaintiff's motion to remand (Doc. 9) is **DENIED**, and the Commissioner's decision is **AFFIRMED**.

**SO ORDERED**, this 12th day of September, 2022.

<pre>                               S/ Marc T. Treadwell
                               MARC T. TREADWELL, CHIEF JUDGE
                               UNITED STATES DISTRICT COURT</pre>